16 F.3d 1225
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Kathleen A. KRAFT, Plaintiff/Appellant,
v.
EKCO HOUSEWARES COMPANY, a corporation, Defendant/Appellee.
 No. 89-3716.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 9, 1994.*
Decided Feb. 15, 1994.
Rehearing Denied March 23, 1994.
 
 Before ESCHBACH, FLAUM and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Kathleen Kraft brought an action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. Secs. 2000e-2(a)(1) and 2000e-3(a), against her former employer, Ekco Housewares Company. The district court entered judgment in favor of Ekco. Kraft appeals, and we affirm.
 
 
 2
 Kraft alleged in her complaint that on at least two occasions during the months of April and May 1987, while working for Ekco, she was inappropriately touched, molested, and sexually harassed by Jose Soto, a fellow employee. Kraft claimed that she complained about the incidents to supervisors, that in retaliation for having made complaints she was denied assistance in performing heavy labor in her department, and that, consequently, she suffered a disabling injury in June 1987. She sought injunctive relief and damages, see 42 U.S.C. Sec. 2000e-5(g), as well as attorney's fees, see 42 U.S.C. Sec. 2000e-5(k).
 
 
 3
 The evidence was heard by a magistrate judge sitting as a special master pursuant to 28 U.S.C. Sec. 636(b)(3) and 42 U.S.C. Sec. 2000e-5(f)(5). The magistrate judge filed a report containing proposed findings of fact and conclusions of law and recommended entry of judgment in favor of Ekco. Kraft objected to the report on two grounds. First, she claimed that the magistrate judge's finding of when she first complained of sexual harassment was clearly erroneous. Second, she claimed that the magistrate judge applied an incorrect legal standard. The district court overruled Kraft's objections, adopted the magistrate judge's recommendation, and entered judgment in favor of Ekco. On appeal, Kraft renews her two objections to the magistrate judge's report.[1]
 
 
 4
 An employee may establish a violation of Title VII by proving that discriminatory sexual harassment has created a hostile or abusive work environment. Meritor Savings Bank v. Vinson, 477 U.S. 57, 66 (1986). To be actionable, the harassment must be sufficiently severe or pervasive " 'to alter conditions of [the victim's] employment and create an abusive working environment.' " Id. at 67 (quoting Henson v. Dundee, 682 F.2d 897, 904 (11th Cir.1982)). Employers are not strictly liable under Title VII for sexual harassment engaged in by their employees, id. at 72; Juarez v. Ameritech Mobile Communications, Inc., 957 F.2d 317, 320 (7th Cir.1992), unless the employee engaging in sexual harassment is a supervisor who has the power to hire, fire, or promote. Volk v. Carter, 845 F.2d 1422, 1436 (7th Cir.1988). Because Kraft stipulated below, and does not dispute here, that Soto was not a "supervisor," Ekco cannot be held liable for Soto's harassment of Kraft unless Ekco knew or should have known about Soto's conduct and failed to take appropriate remedial action. Juarez, 957 F.2d at 320; Brooms v. Regal Tube Co., 881 F.2d 412, 421 (7th Cir.1989).[2] Cast in terms of this standard, then, Kraft's first contention in this appeal is that Ekco knew about Soto's conduct earlier than the district court found it did. Kraft's second contention is that Ekco should have known that she was being sexually harassed long before it took any action to prevent the harassment.
 
 
 5
 If, as Kraft contends, Ekco knew that Soto was harassing her in mid-April 1987 but did nothing about it until late May 1987, only after Soto had sexually harassed her a second time, the district court's conclusion that Ekco is not liable for Soto's sexual harassment might be questioned. On the other hand, the district court's conclusion is sound if, as Ekco contends (and the district court concluded), Ekco did not know of Soto's conduct until the last week of May 1987 and launched an investigation on or about May 26, 1987. Because the district court's conclusion that Ekco became aware of Soto's harassment of Kraft during the last week of May 1987 is a finding of fact, we will not disturb it unless it is clearly erroneous. Fed.R.Civ.P. 52(a). "A finding is " 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948).
 
 
 6
 Kraft testified that Soto sexually harassed her on two occasions. The first time was on April 13 or 14, 1987, when Soto placed his hand in her pants. James Morris, a former employee, testified that on April 14 or 15, 1987, he witnessed this incident. Kraft testified that on the day it happened she told her supervisor, Patrick Pfeiffer, but he did nothing. According to Kraft, Soto sexually harassed her again on May 19, 1987, when he attempted to fondle her breasts. Kraft testified that, on that same day, she told the plant manager, Joseph Guido, about the incident and Ekco launched an investigation.
 
 
 7
 Testimony of other witnesses conflicted with Kraft's testimony. Pfeiffer testified that Kraft did not tell him that Soto had placed his hands in her pants until late May 1987. He related that he immediately reported the incident to James Seymour, Soto's immediate supervisor. Seymour testified that in May 1987, Pfeiffer told him about the incident and he reported it to Guido, the plant manager. Guido testified that either Seymour or Smith contacted him about the problem, and that he immediately ordered Barry Smith, the plant's personnel manager, to investigate. Guido testified that Kraft had not come directly to him with a claim of sexual harassment. Smith testified that he received orders from Guido in late May or early June 1987 to initiate an investigation concerning Kraft's charges of sexual harassment, which he did.
 
 
 8
 When a court's finding is based on its decision to credit the testimony of one or two or more witnesses, each of whom has told a coherent and facially plausible story that is not contradicted by extrinsic evidence, that finding, if not internally inconsistent, can virtually never be clear error. Anderson v. Bessemer City, 470 U.S. 564, 575 (1985). Such is the case here. The district court's finding that Ekco did not become aware of Soto's sexual harassment of Kraft until late May 1987 is based on its decision to credit the testimony of Pfeiffer, Seymour, Guido, and Smith. Their testimony was consistent: Kraft did not complain that Soto was sexually harassing her until late May 1987, and they initiated an investigation of the matter a few days later. Extrinsic evidence contradicts Kraft's testimony. Kraft testified that she was certain that she reported the fondling incident to Guido on May 19, 1987, but documents introduced at the hearing established that on May 19, 1987, Guido was on vacation. A memorandum drafted by Smith in furtherance of his investigation indicates that the pants incident occurred after the fondling episode, not vice-versa, as Kraft claimed. As she did below, Kraft explains away these inconsistencies by accusing everyone else of lying.
 
 
 9
 The district court's finding that Ekco did not know that Soto was sexually harassing Kraft until late May 1987, based as it is on a determination that the testimony of Pfeiffer, Seymour, Guido, and Smith was more credible than Kraft, is not clearly erroneous.
 
 
 10
 Kraft also contends that, even if Ekco did not know that Soto was sexually harassing her until late May 1987, it should have known because, for nearly nine years (from 1977 through 1986) Ekco's management was well aware that she was being sexually harassed by Gary Suda, the former assistant plant manager.[3] Cf. Swentek v. USAir, Inc., 830 F.2d 552, 558 (4th Cir.1987) (Where the claim is one of hostile sexual environment, the employer is liable where it had constructive knowledge of the existence of a sexually hostile working environment and took no prompt and adequate remedial action.). Kraft submits that the judgment dismissing her complaint must be reversed and the case remanded because the district court ignored the possibility that Suda's conduct constructively notified Ekco of Soto's sexual harassment. We disagree. The district court considered the evidence that Suda had sexually harassed Kraft and found it inconclusive. "The gravamen of any sexual harassment claim is that the alleged sexual advances were 'unwelcome.' " Vinson, 477 U.S. at 68 (citing 29 C.F.R. Sec. 1604.11(a) (1985)). Although Kraft testified at the hearing that Suda's sexual advances were unwelcome and she did not complain for fear of losing her job, several of her co-workers testified that they believed Kraft enjoyed Suda's sexual advances. Kraft repeatedly denied to them that Suda was harassing her. Moreover, several witnesses at the hearing testified that Kraft talked freely at work about sex and her own sexual activities. The question whether particular conduct was unwelcome turns largely on credibility determinations committed to the trier of fact. Id. We defer to the district court's determination that Kraft might have welcomed Suda's sexual advances. Because Kraft's contention that Suda's treatment of her constructively notified Ekco of Soto's sexual harassment rests on the faulty premise that Suda sexually harassed her, Ekco's knowledge of Suda's treatment of Kraft is not a ground for concluding that Ekco should have known that Soto was sexually harassing Kraft.
 
 
 11
 The judgment dismissing Kraft's complaint is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Appellant has filed such a statement and requested oral argument. Appellee has filed a response to the statement. Upon consideration of Appellant's statement, Appellee's response, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [1]
 Kraft also resurrects her claim that Ekco retaliated against her for complaining about being sexually harassed. By failing to object to the magistrate judge's finding that she failed to prove that Ekco retaliated against her, Kraft waived her right to raise the retaliation issue on appeal. Egert v. Connecticut Gen. Life Insurance Co., 900 F.2d 1032, 1039 (7th Cir.1990)
 
 
 [2]
 The Magistrate Judge found, and Ekco does not dispute, that Soto did, in fact, sexually harass Kraft in the manner alleged by Kraft. Whether the harassment occurred was never disputed in this case and, for purposes of resolving this appeal, we assume that it did occur
 
 
 [3]
 The statute of limitations for filing a charge of sexual harassment based on Suda's conduct had expired well before Kraft filed the charge of sexual harassment based on Soto's conduct. See 42 U.S.C. Sec. 2000e-5(e)